

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**THERESA D'ANDREA**
*Assistant Corporation Counsel*
Phone: (212) 356-3187
Fax: (212) 356-3509
tdandrea@law.nyc.gov

May 19, 2014

**VIA ECF AND HAND DELIVERY**
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    Lionell Williams v. City of New York, et al., 14 Civ. 2026 (PAE) (DCF)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York and Raymond Kelly in the above-referenced matter. The undersigned writes respectfully on behalf of the parties to provide a joint status report, pursuant to the Court's Order dated March 31, 2014, in advance of the initial conference, which is currently scheduled for May 22, 2014, at 10:00 a.m.

    **1. A brief statement of the nature of the action and the principal defenses thereto:**

    Plaintiff alleges that, on September 17, 2013, at approximately 4:30 p.m., he was unlawfully confined and handcuffed in an excessive manner while at a Best Buy store located at 1280 Lexington Avenue, New York, NY 10128. Plaintiff now asserts claims of illegal seizure, false arrest, malicious prosecution, and excessive force against defendants City, Kelly, and Best Buy Stores, L.P. ("Best Buy"), as well as municipal liability pursuant to Monell against defendants City and Kelly.

    Defendants City and Kelly assert the following defenses in response to plaintiff's claims: (1) the officers had reasonable suspicion to seize plaintiff at Best Buy after an employee from defendant Best Buy contacted and informed the officers that plaintiff was using a fraudulent credit card; (2) there was probable cause to arrest and prosecute plaintiff based on the statements of a complaining victim, an employee of Best Buy; (3) police officers are entitled to

handcuff a suspect to effect an arrest; and (4) any force used by the police officers was reasonable.

Defendant Best Buy has answered and continues to assert all the defenses set forth in the answer. For the purposes of this letter, Best Buy highlights the following defenses in response to plaintiff's claims: (1) that plaintiff has no sustainable Civil Rights claims against Best Buy as, among other reasons, Best Buy was not a State Actor; (2) plaintiff's own negligence caused this incident in whole or in part; (3) several of plaintiff's claims are out of time; (3) plaintiff assumed the risk of this incident; (4) Best Buy claims that there was an intervening and superseding cause to this incident; (5) Plaintiff has failed to mitigate and/or properly enumerate his damages; (6) Best Buy's actions were and are protected by privilege; and (7) Best Buy was not negligent but rather exercised ordinary care and took reasonable actions.

## 2. A brief description of contemplated motions:

At the close of discovery, defendants City and Kelly anticipate filing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. As noted above, defendant City asserts that (1) there was probable cause to seize and arrest plaintiff based on the statements of a complaining victim, an employee of Best Buy, who contacted police officers and informed them that plaintiff was using a fraudulent credit card; (2) plaintiff was never prosecuted for the alleged incident; (3) police officers are entitled to handcuff a suspect to effect an arrest; and (4) any force used by the police officers was reasonable.

At the close of discovery, Defendant Best Buy anticipates filing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure for the reasons noted under that defenses section of this letter. Specifically, among other reasons, that plaintiff can not prove any of the claims against Best Buy as (1) Best Buy was not a State actor; (2) Best Buy's actions were privileged; and (3) Best Buy acted reasonably and with ordinary care.

## 3. Prospect for settlement:

Best Buy and plaintiff have held some settlement discussions and plaintiff has interposed a demand of $35,000 against Best Buy which our firm has communicated to Best Buy and the claims examiner.

Plaintiff has made a settlement demand to defendants City and Kelly on May 16, 2014, and defense counsel is in the process of communicating this demand to their clients.

Thank you for your consideration herein.

Respectfully submitted,

Theresa D'Andrea
*Assistant Corporation Counsel*

2

cc: <u>VIA ECF</u>
Michael Ira Braverman, Esq.
*Attorney for Plaintiff*
Getz & Braverman, P.C.
172 East 161st Street
Bronx, NY 10451

<u>VIA ECF</u>
Stephen M. Knudsen, Esq.
*Attorney for Best Buy*
Durkin & Durkin
80 Broad Street
5th Floor
New York, NY 10004