UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LIONELL WILLIAMS,

                           Plaintiff,

-against-

THE CITY OF NEW YORK; COMMISSIONER RAYMOND
KELLY IN HIS OFFICIAL CAPACITY; P.O. JOHN DOE #1,
BADGE # 25511; P.O. JANE DOE #2, BADGE #12414; AND
BEST BUY,

                           Defendants.

------------------------------------------------------------------------x

**AMENDED ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY AND KELLY**

14 Civ. 2026 (PAE)

JURY TRIAL DEMANDED

        Defendants City of New York and Commissioner Raymond Kelly, by their attorney, Zachary W. Carter, Corporation Counsel for the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Admit the allegations set forth in paragraph "4" of the complaint.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 30, 2013, and further admit that, to date, this matter has not been resolved.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a Notice of Claim was served on or about September 30, 2013, and further admit that this suit was filed on or about February 10, 2014.

7. State that the allegations set forth in paragraph "7" of the complaint are legal conclusions to which no response is required.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Commissioner Kelly was an employee of the New York City Police Department and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified defendants.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff was detained on or about September 17, 2013, at approximately 2:30 p.m. inside or near Best Buy located at 1280 Lexington Avenue, New York, NY 10128.

10. In response to the allegations set forth in paragraph "10" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. In response to the allegations set forth in paragraph "12" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was detained on or about September 17, 2013, at approximately 2:30 p.m. inside or near Best Buy located at 1280 Lexington Avenue, New York, NY 10128.

14. In response to the allegations set forth in paragraph "14" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was detained on or about September 17, 2013, at approximately 2:30 p.m. inside or near Best Buy located at 1280 Lexington Avenue, New York, NY 10128.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint as they pertain to unidentified defendants.

18. State that the allegations set forth in paragraph "18' of the complaint are legal conclusions to which no response is required.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff purports to proceed as stated therein.

20. Admit the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was detained on or about September 17, 2013, at approximately 2:30 p.m. inside or near Best Buy located at 1280 Lexington Avenue, New York, NY 10128.

22. Deny the allegations set forth in paragraph "22" and "22(a)-(g)" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein, and admits that plaintiff purports to proceed as stated therein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" and "28(1)-(4)" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint, except respectfully refer the Court to the Order cited therein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint, and respectfully refer the Court to the report cited therein.

42. Deny the allegations set forth in paragraph "42" of the complaint, and respectfully refer the Court to the report cited therein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint, and respectfully refer the Court to the report cited therein.

46. Deny the allegations set forth in paragraph "46" of the complaint, and respectfully refer the Court to the report cited therein.

47. Deny the allegations set forth in paragraph "47" and "47(1)-(3)" of the complaint, except respectfully refer the Court to the report cited therein.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint, and respectfully refer the Court to the report cited therein.

53. Deny the allegations set forth in paragraph "53" of the complaint, and respectfully refer the Court to the report cited therein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint, and respectfully refer the Court to the report cited therein.

64. Deny the allegations set forth in paragraph "64" of the complaint, and respectfully refer the Court to the report cited therein.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint, and respectfully refer the Court to the report cited therein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint, and respectfully refer the Court to the decision cited therein.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint, and respectfully refer the Court to the report cited therein.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" and "85(1)-(4)" of the complaint, and respectfully refer the Court to the decision cited therein.

86. Deny the allegations set forth in paragraph "86" of the complaint, and respectfully refer the Court to the decision cited therein.

87. Deny the allegations set forth in paragraph "87" of the complaint, and respectfully refer the Court to the decision cited therein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" and "91(A)-(C)" of the complaint, except respectfully refer the Court to the decision cited therein.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" and "95(A)-(C)" of the complaint, except respectfully refer the Court to the Patrol Guide cited therein.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" and "97(a)-(n)" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" and "100(a)-(e)" of the complaint, except respectfully refer the Court to the cases cited therein.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint, and respectfully refer the Court to the testimony cited therein.

103. Deny the allegations set forth in paragraph "103" of the complaint, and respectfully refer the Court to the article cited therein.

### FIRST AFFIRMATIVE DEFENSE:

104. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

105. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants City and Kelly.

### THIRD AFFIRMATIVE DEFENSE:

106. Plaintiff provoked any incident.

### FOURTH AFFIRMATIVE DEFENSE:

107. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### FIFTH AFFIRMATIVE DEFENSE:

108. There was probable cause for plaintiff's arrest, detention, and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

109. Defendants City and Kelly have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

### SEVENTH AFFIRMATIVE DEFENSE:

110. Defendant Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by

qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

111. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

### NINTH AFFIRMATIVE DEFENSE:

112. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE:

113. At all times relevant to the acts alleged in the complaint, defendant Kelly acted reasonably in the proper and lawful exercise of his discretion.

### ELEVENTH AFFIRMATIVE DEFENSE:

114. Plaintiff has failed to allege personal involvement of defendant Kelly in the incident alleged in the complaint.

### TWELFTH AFFIRMATIVE DEFENSE:

115. Punitive damages cannot be assessed against defendant City.

### THIRTEENTH AFFIRMATIVE DEFENSE:

116. Plaintiff has failed to mitigate his alleged damages.


**WHEREFORE,** defendants City and Kelly respectfully request judgment

Case 1:14-cv-02026-PAE Document 13 Filed 05/01/14 Page 11 of 11

dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 16, 2014

> ZACHARY W. CARTER
> Corporation Counsel of the City of New York
> *Attorney for Defendants City and Kelly*
> 100 Church Street, 3rd Floor
> New York, New York 10007
> (212) 356-3187
>
> By: _____/s/ Theresa D'Andrea_____
>      Theresa D'Andrea
>      *Assistant Corporation Counsel*

cc:    VIA ECF
        Michael Ira Braverman, Esq.
        *Attorney for Plaintiff*
        Getz & Braverman, P.C.
        172 East 161st Street
        Bronx, NY 10451

cc:    VIA ECF
        Stephen M. Knudsen, Esq.
        *Attorney for defendant Best Buy*
        Durkin & Durkin
        80 Broad Street
        5th Floor
        New York, NY 10004